IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD GOODE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHELE FARRELL | : | No. 14-885 |

**NORMA L. SHAPIRO, J.**                                          **SEPTEMBER 30, 2015**

## MEMORANDUM

Before the court is defendant's motion to dismiss plaintiff's complaint. Plaintiff is a pretrial detainee alleging he is being denied Muslim religious services at the Curran-Fromhold Correctional Facility. He claims this condition violates his constitutional rights. Plaintiff brings this action under 42 U.S.C. § 1983. The court granted plaintiff's application to proceed *in forma pauperis* on February 21, 2014. On December 3, 2014, defendant filed a "Motion to Dismiss for Failure to State a Claim." Plaintiff filed a "Brief in Opposition to Defendant Memorandum of Law in Support of the Motion to Dismiss."

## I.  BACKGROUND

Plaintiff filed a form complaint alleging Warden Michele Farrell is violating his First Amendment rights. Plaintiff alleges that during his incarceration within the Philadelphia Prison System as a pretrial detainee he has been denied Muslim religious services. Plaintiff states defendant authorized staff to use the space previously designated for Muslim religious services as a clothing storage space. The complaint further states Catholic inmates are given space for religious services, but Muslim inmates are not. Plaintiff does not allege personal physical injury.[1]

The settlement agreement in *Williams v. City of Philadelphia*, Civ. No. 08-1979, Docket No.

---

[1] Under the Prison Litigation Reform Act ("PLRA"), an incarcerated plaintiff cannot recover compensatory damages if he has not alleged and proved a substantial physical injury. 28 U.S.C. § 1997e(e).

87, pertaining to a class of current and future persons confined in the Philadelphia Prison System, granted class-based relief, but excluded individual claims for damages.  Section X(A) states, "plaintiffs do not waive their rights to pursue individual claims for monetary damages under federal or state law." *Id.*  All such actions for compensatory damages have been assigned to this judge.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss all or part of an action for failure to state a claim upon which relief can be granted.  A complaint must contain sufficient facts that, when accepted as true, state a plausible claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).  A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation.  *Iqbal*, 556 U.S. at 663.  Legal conclusions must be supported by "well-pleaded factual allegations." *Iqbal*, 556 U.S. at 664.

## III.  DISCUSSION

Section 1983 provides a remedy for deprivation of rights established by the Constitution or federal law. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).

The First Amendment prohibits prisons from interposing unreasonable barriers to the free exercise of an inmate's religion. *Sharp v. Johnson*, 669 F.3d 144, 160 (3d Cir. 2012).  This prohibition does not require prisons to provide each inmate with religious services of his choice, *Sharp*, 669 F.3d at 160; "[a] special chapel or place of worship need not be provided for every faith regardless of size,"

*Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972).

In *Estate of Shabazz v. O'Lone*, 595 F. Supp. 928, 929 (D. N.J. 1987), two Muslim inmates sued prison officials for allegedly violating their First Amendment rights by implementing policies that required them to work outdoors on Friday afternoons that prevented them from attending Friday afternoon Muslim religious services (Jumu'ah). The Supreme Court reversed the decision of the Court of Appeals for the Third Circuit and held (1) prison officials acted in a reasonable manner by precluding Muslim inmates from attending weekly Friday religious services, (2) prison regulations to that effect did not violate the free exercise of religion clause of the First Amendment, and (3) the Supreme Court would not substitute its judgment on difficult and sensitive matters of institutional administration for the determinations of those charged with the formidable task of running prisons. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987).

Plaintiff names the Warden of Curran-Fromhold Correctional Facility as defendant and alleges defendant is violating plaintiff's First Amendment rights by authorizing staff to use the space previously designated for Muslim religious services as a clothing storage space. Plaintiff has no constitutional right to prevent prison officials from using space previously designated for Muslim religious services as a clothing storage space. *Shabazz*, 482 U.S. at 353; *see Sharp*, 669 F.3d at 160 (held that inmate had no First Amendment right to space for Habashi Muslim religious services). The allegations in plaintiff's complaint are not sufficient to state a claim under § 1983.

### IV. CONCLUSION

Defendant's "Motion to Dismiss for Failure to State a Claim" will be granted. An appropriate Order follows.